**MARIANNE C LANUTI, ESQ.** (Nevada Bar #7784)
194 Inveraray Ct.
Henderson, NV 89074
Tel: (702) 270-2346
Fax: (702) 436-1501

Attorney for Plaintiffs

# IN THE UNITED STATES COURT
## DISTRICT OF NEVADA

JOSHUA DAVID, by and through his parent, WILLIAM DAVID,

Plaintiffs,

v.

CLARK COUNTY SCHOOL DISTRICT,

Defendants.

CV-S-03-0604-KJD-PAL

**COMPLAINT FOR ATTORNEY'S FEES AND COSTS 20 USC § 1415 (i)(3)(B)**

## PRELIMINARY STATEMENT

1. This action is brought by WILLIAM DAVID, who seek reasonable attorney's fees and costs pursuant to §1415 (i)(3)(B) of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400 et. seq, for expenses incurred in achieving substantial success in issues brought to hearing on behalf of their disabled son JOSHUA.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to the Individuals with Disabilites Education Act (IDEA), 20 U.S.C. §1415.

-1-

3. Jurisdiction is also conferred upon this Court by 28 U.S.C. §1331 which authorizes federal courts to adjudicate disputes arising under the constitution and laws of the United States.

4. Venue is proper in the United States District Court for the District of Nevada as authorized by 28 U.S.C. §1391.

## PARTIES

5. Plaintiffs JOSHUA and WILLIAM DAVID are citizens of the United States and Residents of the State of Nevada, Clark County, and within the Clark County School District when the claim arose.

6. Plaintiff WILLIAM DAVID (hereinafter "Parents") is the natural Parents of JOSHUA DAVID, a disabled child who is eligible for special education and related services pursuant to the Individuals with Disabilites Act, 20 U.S.C. §1400 et. seq., and the regulations promulgated thereto, as implemented by the State of Nevada, Nevada Administrative Code §388 et. seq..

7. Defendant, CLARK COUNTY SCHOOL DISTRICT, is a local educational agency, as defined in 20 U.S.C. § 1401, which is located in the State of Nevada, Clark County, and is chartered and incorporated under Nevada law, with the capacity to be sued. CLARK COUNTY SCHOOL DISTRICT receives federal funds from the United States Department of Education pursuant to IDEA, and is required to provide a free and appropriate public education in the least restrictive environment to all qualified disabled school-age children whose Parents reside in District's boundaries.

## FACTS

8. On or about March 24, 2003 Clark County School District received a request for a due process hearing regarding the appropriateness of JOSHUA DAVID's proposed educational program, placement and services pursuant to his Individualized Education Program plans. During the dispute, the Parents were represented by counsel, Marianne C. Lanuti. The charges incurred by Ms. Lanuti for fees and costs are attached hereto as Exhibit "1" and incorporated herein.

9. The due process matter filed on March 24, 2003 was settled by virtue of a settlement agreement executed on April 28, 2003. A copy of this settlement agreement is attached as Exhibit "2" and is hereby incorporated by reference. The agreement provided, in part, that the Clark County School District would reimburse Plaintiffs for expenditures in regard to medical and psychological evaluations from Dr.'s Roitman and Beasley.

10. The hearing officer accepted the request for withdrawal for due process on April 29, 2003, based upon the signed settlement agreement.

11. The Clark County School District has failed and/or refused to make any reasonable payment of attorney's fees and costs for this matter. Plaintiffs have incurred additional fees and costs in their efforts to collect the fees from the Clark County School District in this action, and seek reimbursement for the same herein. Effective August 5, 1986, the Handicapped Children's Protection Act (hereinafter "Act"), P.L. 99-372, became law, amending the IDEA. The Act provides, in pertinent part:

In any action or proceeding brought under this subsection, the Court, in its discretion, may award reasonable attorney's fees as part of the costs to the Parents or guardian of a handicapped child or youth who is the prevailing party. 20 U.S.C. §1415 (i)(3)(B);

Section 5 of P.L. 99-372 established a right to seek recovery of attorney's fees for administrative or judicial proceedings for any actions brought after July 3, 1984.

## CLAIM FOR RELIEF

Wherefore, Plaintiffs respectively request that the Court:

12. Plaintiffs repeat and allege each and every allegation contained in paragraphs 1 through 11 as it fully set forth herein.

13. Plaintiffs have incurred attorney fees and costs for the amount of $13,595.68.

14. Pursuant to 20 U.S.C. 1415(i)(3), this Court may award reasonable attorney's fees to prevailing parties bring actions under 20 U.S.C. §1400 et. seq.

15. WILLIAM DAVID and JOSHUA DAVID are prevailing parties in this matter, as is demonstrated in the settlement agreement and are statutorily entitled to recover the reasonable attorney's fees and costs associated with preparing for the due process, negotiating a settlement agreement benefiting the Parents, and in filing and pursuing this complaint as provided for in 20 U.S.C. §1415(i)(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectively request that the Court:

16. Assume jurisdiction over this case;

17. Award plaintiffs' counsel reasonable attorney's fees and costs for representation in this matter, as well as reasonable attorney's fees and costs according to proof, for the efforts to obtain these sums from the defendant, including fees and costs to bring this action; and

18. For any other relief as the Court deems appropriate.

Dated: May 23, 2003

Marianne C. Lanuti
Nevada Bar #7784

# *Marianne C. Lanuti, Esq.*

## Billing Summary for:

## Joshua David
## vs.
## Clark County School District

**Attorney Fees:**

Regular Hours      73.25 X $175.00 = 12,818.75

$12,818.75

Total Attorney Fees:     $12,818.75

**Expenses**

|  | Hours |  |
|---|---|---|
| Cheryl Jung | 11.25 | $675.00 |
| Duplication |  | $101.93 |
| Total Expenses: |  | $776.93 |

Total Expenses:     $776.93

**Total Fees and Costs:     $13,595.68**

Exhibit 1

# Client Time Detail

## Joshua David vs Clark County School District

| Date | Services Performed | Time Spent | Regular | Hearing | Appeal | Not Billed |
|---|---|---|---|---|---|---|
| 3/23/2003 | Initial Interview with client and to schedule conference | 0.50 | 0.50 | | | |
| 3/24/2003 | Initial client interview and retainer | 2.75 | 2.75 | | | |
| 3/24/2003 | File Request for Due Process | 0.50 | 0.50 | | | |
| 3/24/2003 | Contact District counsel per school's request re: IEP scheduling | 0.25 | 0.25 | | | |
| 3/24/2003 | Research Case Law & Statute | 3.00 | 3.00 | | | |
| 3/25/2003 | Client consult re: evaluations | 0.25 | 0.25 | | | |
| 3/25/2003 | Reviiew of Client Records & Preparation for Manifestation Hearing | 4.75 | 4.75 | | | |
| 3/25/2003 | Enter client's documents into data base - 12 page summation | 3.75 | 3.75 | | | |
| 3/26/2003 | Manifestation Determination conducted at school site | 2.75 | 2.75 | | | |
| 3/26/2003 | Letter to Dr. Christenson re: medical records | 0.25 | 0.25 | | | |
| 3/26/2003 | Document Request | 0.25 | 0.25 | | | |
| 3/26/2003 | Interviewt with Shari Doane (witness) | 0.75 | 0.75 | | | |
| 3/27/2003 | Notified client of appointment of HO and scheduled conference | 0.25 | 0.25 | | | |
| 3/28/2003 | Client consult re: Josh's in house suspension | 0.50 | 0.50 | | | |
| 4/2/2003 | Client consult re: outside evaluation | 0.25 | 0.25 | | | |
| 4/2/2003 | Letter to Dr. Beasley | 0.25 | 0.25 | | | |
| 4/2/2003 | Conference with HO | 0.50 | 0.50 | | | |
| 4/2/2003 | Client consult re: Student's RPC on that date and possible in-house suspension | 0.75 | 0.75 | | | |
| 4/4/2003 | Review documents disclosed by District partial disclosure only) confidential | 4.75 | 4.75 | | | |
| 4/6/2003 | Input District documents into database for organization | 3.00 | 3.00 | | | |
| 4/6/2003 | Revise request for Due Process per HO request due to document disclosure | 1.75 | 1.75 | | | |
| 4/7/2003 | Conference with HO | 1.25 | 1.25 | | | |
| 4/7/2003 | Client consult re: hearing scheduled, mediation and witnesses | 1.25 | 1.25 | | | |
| 4/8/2003 | Prehearing Statement | 8.25 | 8.25 | | | |

# Client Time Detail

## Joshua David vs Clark County School District

| Date | Services Performed | Time Spent | Regular | Hearing | Appeal | Not Billed |
|---|---|---|---|---|---|---|
| 4/8/2003 | Interview with Lori Richarson (witness/former advocate) | 1.00 | 1.00 | | | |
| 4/8/2003 | Client consult re: behavior sheets and witness list | 0.75 | 0.75 | | | |
| 4/9/2003 | Organize Petitioner's Document Disclosue | 4.00 | 4.00 | | | |
| 4/9/2003 | Prepare Peitioner's Exhibit/ Witness List | 2.00 | 2.00 | | | |
| 4/10/2003 | Conference with HO | 0.50 | 0.50 | | | |
| 4/10/2003 | Review Cummulative File Disclosed by CCSD | 4.00 | 4.00 | | | |
| 4/10/2003 | Organized Petitioner's Hearing Exhibits | 4.75 | 4.75 | | | |
| 4/11/2003 | Mark and Duplicate Petitioner's Documents For Hearing | 1.50 | 1.50 | | | |
| 4/11/2003 | Consult with mediator to schedule mediation | 0.25 | 0.25 | | | |
| 4/11/2003 | Duplication | 0.00 | | | | |
| 4/13/2003 | Responding via e-mail to HO re: CCSD request to postpone | 0.25 | 0.25 | | | |
| 4/14/2003 | HO Conference | 0.50 | 0.50 | | | |
| 4/14/2003 | Mediation/ Document & Witness List exhcnage/Disclosure | 2.25 | 2.25 | | | |
| 4/14/2003 | Conference with Dr. Julie Beasely | 0.50 | 0.50 | | | |
| 4/16/2003 | Conference with Dr. Beasely | 0.50 | 0.50 | | | 0.50 |
| 4/16/2003 | Conference with client re: Dr. Beasely's eval | 0.55 | 0.55 | | | 0.55 |
| 4/22/2003 | Conference with Compliance re: settlement agreement | 0.25 | 0.25 | | | |
| 4/22/2003 | Conference with Compliance re: settlement agreement | 0.25 | 0.25 | | | |
| 4/22/2003 | Conference with client re: CCSD revision of settlement agreement | 0.50 | 0.50 | | | |
| 4/25/2003 | Conference with client re: CCSD revision of settlement agreement received 4-25-03 | 0.50 | 0.50 | | | |
| 4/28/2003 | Conference with HO re: settlement status | 0.25 | 0.25 | | | |
| 4/28/2003 | Confernce with client re: Settlement Agreement-signature | 0.75 | 0.75 | | | |
| 4/28/2003 | Letter to Ho and opposing counsel re: withdrawal of due process request | 0.25 | 0.25 | | | |
| 5/9/2003 | Client status check re: any scheduling of IEP-tranistion plan | 0.25 | 0.25 | | | |

# Client Time Detail

## Joshua David vs Clark County School District

| Date | Services Performed | Time Spent | Regular | Hearing | Appeal | Not Billed |
|---|---|---|---|---|---|---|
| 5/10/2003 | Letter to District- demand letter | 0.25 | 0.25 | | | |
| 5/10/2003 | Cheryl Jung, paralegal | 0.00 | | | | |
| 5/13/2003 | Conference with Dr. Beasley re: trainsition IEP & scheduling | 0.25 | 0.25 | | | |
| 5/13/2003 | Client consultation re: Dr. Beasley eval & IEP scheduling | 0.25 | 0.25 | | | |
| 5/19/2003 | Prepare Complaint in federal district court | 4.75 | 4.75 | | | |
| | *Total Hours:* | 74.30 | 74.30 | 0.00 | 0.00 | 1.05 |
| | *Total Hours Not Billed:* | 1.05 | 1.05 | 0.00 | 0.00 | |
| | *Total Billed Hours:* | 73.25 | 73.25 | 0.00 | 0.00 | |

# STATE OF NEVADA

# NEVADA DEPARTMENT OF EDUCATION

| | |
|---|---|
| IN RE THE MATTER OF JOSHUA DAVID, a Minor by and Through, his parent and next friend, WILLIAM J. DAVID,<br><br>      Petitioner,<br><br>  v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>      Respondent. | DR. ANN PADOVER<br>DUE PROCESS HEARING OFFICER |

## SETTLEMENT AGREEMENT

AGREEMENT, made and entered into this the 21st day of April 2003, by and between Petitioner, WILLIAM J. DAVID, parent and next Friend of the Student, JOSHUA DAVID (hereinafter referred to as the "Parent"), and Respondent, the CLARK COUNTY SCHOOL DISTRICT (hereinafter referred to as the "District), to settle and resolve the Parent's request for a Due Process Hearing. In support of the Settlement Agreement, the parties do hereby agree as follows:

WHEREAS, on or about March 24, 2003 the Parent filed a request for Due Process Hearing against the District on behalf of JOSHUA DAVID (hereinafter referred to as the "Student"), alleging, among other things, that the identification of the Student as eligible for special education and related services under the IDEA was delayed with regard to the Student's

**Exhibit 2**

2001/2002 IEP; whether the eligibility of serious emotional disturbance was a correct eligibility criteria; whether the academic and behavioral objectives vague and not measurable in both the 2001/2002 and 2002/2003 IEPs; whether the behavior plan was deficient in that it did not provide an appropriate, positive behavioral plan in both the 2001/2002 and 2002/2003 IEPs; and whether the Student was denied appropriate related services, specifically counseling in the 2002/2002 and 2002/2003 IEPs?

WHEREAS, the District is required under IDEA Amendments of 1997 and its implementing regulations to provide the Student a free appropriate public education; and

WHEREAS, the parties hereto (collectively referring to the District and the Parent), entered into a Mediation Agreement on April 14, 2003 to resolve and settle the dispute between them without the need for further litigation or administrative proceedings regarding issues which were raised by the Parent against Greenspun Middle School during the 2001/2002 and 2002/2003 school years, and further, that the terms of the Mediation Agreement executed by the parties dated April 14, 2003 are hereby made a part of and incorporated into this Settlement Agreement;

NOW THEREFORE, in consideration of the promises and mutual undertakings of the parties hereto, THE PARTIES DO HEREBY AGREE AS FOLLOWS:

1. The Clark County School District will refer Joshua to the Clark County School District Medical Consult Clinic for review by Dr. Roitman or other associate regarding ADHD/EH designation.

SETTLEMENT AGREEMENT - 2

2. The Clark County School District will employ Dr. Beasley to help develop an intervention plan for Joshua. Dr. Beasley will review Joshua's medical records, meet with school staff, observe Joshua at school, talk with Joshua's father, and participate in the formative IEP meetings.

3. The Clark County School District Compliance Officer will initiate the contact with Dr. Beasley.

4. The Mediation Agreement is binding providing it is included in a written settlement agreement signed by both parties.

5. The IEP team will meet on or before May 23, 2003 to discuss Joshua's transition to high school and the potential need for him to attend summer school.

6. The Parent reserves the right to request reasonable attorney fees pursuant to the IDEA Amendments of 1997.

7. The issue of Parent attorney fees remains in dispute.

8. Upon execution of the Settlement Agreement by the parties the Parent agrees to withdraw his request for due process hearing.

SETTLEMENT AGREEMENT - 3

IN WITNESS WHEREOF, the parties have hereunto set their hands and subscribed their seals.

DATED: April 21, 2003

**CHARLENE GREEN**
Associate Superintendent
Student Support Services Division

DATED: April 21, 2003

**MICHAEL S. HARLEY**
Compliance Officer
Student Support Services Division

DATED: April 28, 2003

**MARIANNE C. LANUTI, ESQ.**
Attorney for Parent

DATED: April 28, 2003

**WILLIAM J. DAVID**
Parent

SETTLEMENT AGREEMENT - 4

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joshua David, by and through his parent, William David

**DEFENDANTS**
Clark County School District

2003 MAY 23 P

(b) County of Residence of First Listed Plaintiff __Clark__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Clark__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marianne C. Lanuti, Esq.
194 Inveraray Crt.
Henderson, N.V. 89074
(702) 270-2346

Attorneys (If Known)
Ms. Donna Mendoza Mitchell, Esq.
Clark County School District
2832 East Flamingo Road
Las Vegas, NV 89121

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Complaint for Attorney Fees & Costs pursuant to 20 USC § 1415 (i)(3)(B)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

CV-S-03-0604-KJD-PAL

DATE

SIGNATURE OF ATTORNEY OF RECORD

```
            UNITED STATES
          U.S. District Court
              District of Nevada
              Southern Division

          #  00068001  -  JR
              May 23, 2003


      Code    Case #    Qty     Amount

      CIVIL FI 03-604VS    1 @  150.00
                                150.00 CK


      TOTAL→                    150.00



      FROM: JOSEPH E. LANUTI, JR.
            194 INVERARAY CT
            HENDERSON, NV 89014
```